## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RANDALL E. WALLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-CV-00005 SNLJ |
| | ) | |
| PERRY COUNTY SHERIFF'S DEPT., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Self-represented plaintiff Randall E. Waller brings this civil action against the Perry County Sheriff's Department. The matter is now before the Court upon the motion of plaintiff for leave to proceed in forma pauperis, or without prepayment of the required filing fees and costs. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(a)(1). After review of plaintiff's complaint, the Court will dismiss this action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). As such, plaintiff's motion for appointment of counsel will be denied as moot. *See* ECF No. 3.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has failed to submit a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### Plaintiff's Complaint

Plaintiff Randall E. Waller brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. He names the Perry County Sheriff's Department as the sole defendant in this action. Plaintiff sues the Sheriff's Department in its official capacity.

Plaintiff alleges that on or about March 10, 2023, he was "arrested and detained" unlawfully when his probation was revoked in his Perry County case of *State v. Waller*, No. 21PR-CR00140-01 (32nd Jud. Cir., Perry County Court). He claims that he was detained in jail until approximately August 15, 2023, on an alleged probation violation by Judge Benjamin Lewis, although he was not told why he was being detained. However, when he went to a court hearing on August 15, 2023, plaintiff states that Judge Lewis told him, "Sorry, there has been a misunderstanding." He was then released on probation again at that time.

Although plaintiff admits that he received "time served on my Illinois probation," he states that he should not have had his probation revoked in *State v. Waller*, No. 21PR-CR00140-01.

Plaintiff believes that for the approximate five-month period he was incarcerated on a probation violation in *State v. Waller*, No. 21PR-CR00140-01 he should receive monetary damages for wrongful incarceration.

**Plaintiff's State Court Criminal Actions**

**A. Perry County, Missouri Cases**

**1. March 22, 2021, Case in Perry County**

A criminal complaint was filed by Perry County Prosecutor Caitlin Pistorio on March 22, 2021, in the Circuit Court for Perry County, Missouri charging plaintiff with tampering in the first degree, felony resisting arrest and driving while his license was revoked.[1] *State v. Waller,* No. 21PR-CR00140 (32nd Jud. Cir., Perry County Court). The complaint was supported by a probable cause statement drafted by Sergeant Jason D. Kelley of the Perry County Sheriff's Office, which was dated March 21, 2021, and stated, in pertinent part:

> On March 21, 2021, a red Jeep Wrangler left Menard Correctional Center, located in Chester, Illinois, which there was an incident involving the occupants of the above vehicle Chester, Illinois Police Officer Steve Laramore and additional Chester Police Officers attempted to stop the vehicle, but the vehicle fled from the Chester Police Department, which the Chester Police Department pursued the vehicle into Missouri. The Jeep made a right turn onto PCR 946 from Missouri 51. This intersection is an extremely busy intersection due to the two gas stations and the bridge crossing into Illinois. The vehicle continued on PCR 946 and with law enforcement still pursuing, the Jeep travelled down into the fields. The Jeep continued driving from PCR 946 to Highway H. The Jeep crossed over Highway H and continued travelling in the fields towards PCR 934 and PCR 936. The Jeep became stuck in the mud and the driver of the Jeep was taken into custody. During the above pursuit, the Jeep stopped and the passenger and driver exited the Jeep both through the driver's door. The passenger was taken into custody, who was later identified as Bryant Creely. The driver was identified as Randy Waller and a MULES Computer check revealed Waller to have a Revoked driver's license.
>
> Waller's criminal history revealed him to have a prior for Driving While Revoked, as follows: On or about January 19, 2016, the defendant was found guilty of driving while revoked in the Associate Circuit Court of Perry County, Missouri, in Case #15PR-CR00487.
>
> The Jeep had "19" on the front windshield and I observed a Jeep was recently on the Keller Motors lot for sale. Waller informed me he purchased the Jeep from

---

[1] Plaintiff's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Terry Wibbenmeyer at Keller Motors the day prior. I contacted Wibbenmeyer and Wibbenmeyer informed Waller was at Keller Motors and no vehicle was sold to Waller. Wibbenmeyer informed Waller was acting strange and told Wibbenmeyer he wanted to purchase fifty (50) vehicles with an offshore banking account. Wibbenmeyer informed Waller did not have permission to have the vehicle, which was a 2019 Jeep Wrangler, VIN #1C4GJXAG5KW598022.

After Miranda, Waller informed he did not purchase the vehicle from Keller Motors but was going to purchase the Jeep on Monday. Waller informed Wibbenmeyer left the keys to the vehicle in it for Waller to retrieve later. Waller was asked if he had the title, which he did not. Waller informed he picked up the vehicle from Keller Motors between 1900-2000 hours March 20, 2021. It should be noted Waller was in custody with the Perry County Jail from 1827 hour to 2014 hours.

After Miranda, Creely informed Waller located him at Al's Place and asked Creely to drive him to Chester. Creely informed he drove Waller from Al's Place to Chester, never made it to the prison and returned back to Missouri. Creely informed Waller told him to pull back over and they switched drivers again and Waller drove Creely to the prison where the disturbance took place. Creely informed that is when the police started chasing them.

A warrant was issued for plaintiff's arrest on March 22, 2021, and he was served on March 23, 2021. *Id.* Plaintiff was denied bond at his initial appearance on March 23, 2021, and he waived his preliminary hearing on April 20, 2021. *Id.*

An information was filed on May 3, 2021, alleging the same three charges as in the criminal complaint. *State v. Waller*, No. 21PR-CR00140-01 (32nd Jud. Cir., Perry County Court). Plaintiff pled guilty to felony tampering with a motor vehicle and felony resisting arrest on May 14, 2021. Plaintiff was then sentenced to a seven-year suspended execution of sentence (SES) in the Missouri Department of Corrections and placed on probation.

On December 2, 2021, a capias warrant was issued by the Circuit Court after being advised that plaintiff had violated the terms of his probation. It appears that the violation was related to the sentencing in the Randolph County, Illinois case, which occurred on October 15, 2021. *See Illinois v. Waller*, No. 2021-CF-91 (24th Jud. Cir., Randolph County Court). *Id.*

Plaintiff was served with the warrant for his arrest on September 27, 2022, and a hearing was held on that date as to bond for the probation violation. The Court ordered in a bond hearing

that plaintiff be released on his own recognizance on October 7, 2022, and plaintiff was released on October 11, 2022. A hearing was scheduled as to plaintiff's probation status for December 9, 2022. *Id.*

On December 9, 2022, plaintiff appeared in Perry County Court for the scheduled probation hearing. The Circuit Court issued an order finding that plaintiff had violated the terms of his probation. The Court docket, however, does not indicate what the violation report entailed.

A hearing was scheduled on the matter for January 6, 2023. Plaintiff failed to appear for the hearing, and the Perry County Prosecutor, Caitlin Pistorio filed a motion for probation revocation. Plaintiff was served with the failure to appear warrant on March 13, 2023, and he was remanded to custody without bond. Plaintiff had a probation status review hearing on April 7, 2023, his confinement was continued until his next hearing on the matter on May 5, 2023. A new hearing was held on June 2, 2023, and plaintiff's confinement was continued. However, on August 4, 2023, plaintiff was placed back on probation by the Circuit Court. *Id.*

On November 1, 2023, a capias warrant was issued by the Circuit Court after being advised that plaintiff had violated the terms of his probation. Plaintiff was served with the warrant on November 6, 2023, and a hearing was held as to his confinement on November 7, 2023. A $5000 bond was set at that time. Plaintiff's counsel has sought discovery as to the probation violation, as well as a continuance until February 2, 2024, for the revocation hearing. *Id.*

**2. April 6, 2021, Extradition Case in Perry County**

A criminal complaint was filed by Perry County Prosecutor Caitlin Pistorio on April 6, 2021, accompanied by an application for a fugitive warrant. The complaint noted that plaintiff had been charged with felony stalking in Randolph County, Illinois, on or about March 26, 2021. *See State v. Waller*, No. 21PR-CR00187 (32nd Jud. Cir., Perry County Court). A warrant was issued

- 6 -

for plaintiff's arrest in Illinois, which was served on plaintiff on April 9, 2021. Plaintiff waived extradition and was transferred into Illinois custody on May 18, 2021. *Id*.

### 3.  October 25, 2023, Case in Perry County

A criminal complaint was filed by Perry County Prosecutor Caitlin Pistorio on October 25, 2023, in the Circuit Court for Perry County, Missouri charging plaintiff with tampering in the first degree. *State v. Waller*, No. 21PR-00389 (32nd Jud. Cir., Perry County Court). The complaint was supported by a probable cause statement drafted by Deputy Haleigh Ernst of the Perry County Sheriff's Office, which was dated October 25, 2023, and stated, in pertinent part:

> On Tuesday, October 24, 2023, at approximately 1832 hours, Perry County Communications received a call for service stating a 2021 GMC Denali belonging to J.H was stolen from a farm located in Perry County. J.H and A.H stated they did not know when the vehicle was taken, but a red colored bicycle was left on the property. Both individuals stated they had prior knowledge of Randy Waller being in the area, and neighbors stated they had seen Waller in the area prior to the vehicle being taken.

> At approximately 1818 hours, prior to the report for the stolen vehicle, Perry County Communications received a complaint from R.L and M.H stating Waller was at their residence without permission with a white GMC pickup parked in the garage. Perryville Police Department had received previous calls stating Waller had been in the area of the. . .  At approximately 1854 hours, Sergeant Cain went to the area and located Waller inside a white 2021 GMC Denali with the hood up. Waller got out of the vehicle and admitted to Sergeant Cain he had stolen the vehicle.

A warrant was issued for plaintiff's arrest on October 25, 2023, and he was served on October 26, 2023. *Id.* Plaintiff was denied bond at his initial appearance on October 30, 2023, and he waived his preliminary hearing on April 20, 2021. A status conference is set in the case for February 2, 2024. *Id.*

### B.  Randolph County, Illinois Case

An information was filed in Randolph County Court charging plaintiff with felony stalking on March 26, 2021. *See Illinois v. Waller*, No. 2021-CF-91 (24th Jud. Cir., Randolph County

Court). On May 19, 2021, plaintiff waived his preliminary hearing and entered a plea of not guilty. *Id.*

On October 15, 2021, plaintiff pled guilty and was sentenced to three years of imprisonment in the Illinois Department of Corrections with four years of supervised release. He was given 205 days credit for time served. *Id.*

### Discussion

After careful review and liberal construction of plaintiff's allegations, the Court finds that this case should be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

First and foremost, plaintiff's claims against the Perry County Sheriff's Department are subject to dismissal because the Sheriff's Department is not a legal entity amenable to suit. *Owens v. Scott Cty. Jail,* 328 F.3d 1026, 1027 (8th Cir. 2003). *See also Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail,* 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Second, plaintiff's complaint raises a claim of selective, or malicious, probation revocation prosecution.[2] In this case, however, it is clear that a judgment in plaintiff's favor would bring into

---

[2]To the extent that plaintiff is alleging that the Court improperly revoked him, or that the probation officer's revocation information was inaccurate, this challenge should be brought in a habeas corpus petition. If a person receives a suspended execution of sentence and is placed on probation, then violates the conditions of his probation and has his probation revoked, he may pursue habeas relief under § 2254. Plaintiff has not filed a § 2254 habeas petition, but instead chose to file this §1983 action seeking damages. His claims for damages are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994), until such time as he can prove that the probation revocation charges have been overturned. To exhaust a challenge to probation revocation proceedings in Missouri a plaintiff must first file a state habeas corpus petition under Missouri Supreme Court Rule 91 in the circuit or associate circuit court of the county where he is in custody. Mo. S. Ct. R. 91.01(a). *See Romano v. Wyrick*, 681 F.2d 555, 556-57 (8th Cir. 1982); *see also Brown v. Missouri Bd. of Prob. & Parole*, 727 F. Supp. 524, 531 (W.D. Mo. 1989). Thereafter, to be considered exhausted for purposes of federal habeas relief, the claims must be presented in a Rule 91 state

question the validity of the decision revoking plaintiff's probation. Unless and until plaintiff has the decision to revoke his probation overturned in an appropriate proceeding, the instant § 1983 action seeking damages for plaintiff's supposedly illegal confinement/conviction appears prohibited by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Although plaintiff does not indicate why he brought this action against the Perry County Sheriff's Department, rather than a probation/parole officer who would have written the probation revocation report and presented it to the Perry County Court, it matters not. The Eighth Circuit has dismissed, as *Heck*-barred, similar claims brought under § 1983 relating to parole/probation revocations.

In *Newby v. Johnson*, 758 F.3d 1008, 1009-10 (8th Cir. 2014), a criminal defendant sued his parole officer under § 1983 for falsely reporting that the defendant failed to report to his parole officer. The district court addressed whether this § 1983 claim was cognizable in light of *Heck v. Humphrey*. The district court dismissed the action for failure to state a claim, concluding "the Supreme Court's and Eighth Circuit's precedents relating to the intersection of habeas relief and section 1983 relief foreclose [plaintiff] from challenging the asserted deprivation of his constitutional rights." *Id*. at 1011. The district court ruled that if the § 1983 plaintiff were to prevail, the judgment would necessarily imply the invalidity of the parole revocation and incarceration, so his claim was not cognizable under § 1983. The Eighth Circuit upheld the decision and agreed with the Third Circuit's interpretation of "*Heck* to impose a universal favorable termination requirement on all § 1983 plaintiffs attacking the validity of their conviction or sentence." *Id*. at 1011-12. *See also Flying Horse v. Hansen*, 691 Fed. Appx. 299, 300 (8th Cir. 2017) (*Heck* bar

---

habeas petition to either the Missouri Court of Appeals or the Missouri Supreme Court. There is no time limit for filing a Rule 91 state habeas petition. *See Upchurch v. Redington*, 2018 WL 6046411 (E.D. Mo. Nov. 19, 2018) (dismissing federal habeas as unexhausted).

applied to plaintiff's claim for damages after revocation of parole, because "a judgment in his favor would render the parole revocation invalid").

Simply put, a plaintiff in a § 1983 suit may not question the validity of the confinement resulting from a parole or probation revocation hearing if he does not allege that the parole board's decision has been reversed, expunged, set aside or called into question by a writ of habeas corpus. *Heck*, 512 U.S. at 486-87; *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). If plaintiff was granted relief on his claims, the validity of his conviction would necessarily be called into question. As such, these claims are *Heck*-barred and subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendants because the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims are **DISMISSED**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT.**

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 24th day of January, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE